AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 28, 2019

SEAN F. McAVOY, CLERK

United States of America )
v. )
) Case No. 1:19-MJ-04057-MKD
)
JORDAN EVERETT STEVENS )
)
)

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 30, 2019__ in the county of __Yakima__ in the __Eastern__ District of __Washington__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 United States Code, Sections 1111, 1153 | First Degree Murder |

This criminal complaint is based on these facts:

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Clinton W. Barefoot, SA FBI
*Printed name and title*

☒ Sworn to telephonically and signed electronically

☐ Sworn to before me and signed in my presence.

Date: 6/28/2019

_____
*Judge's signature*

City and state: Yakima, Washington    MARY K. DIMKE, U.S. Magistrate Judge
*Printed name and title*

AUSA: BDS    YAKIMA COUNTY

**Jordan Everett Stevens Complaint**

On or about April 30, 2019, an assault occurred in Toppenish, Washington, near a makeshift homeless encampment referred to as "the compound." The suspects in the assault were Jordan Everett Stevens and another individual (hereafter "Witness 1"). A person identified as ACM was questioned at the scene.

On or about May 9, 2019, a family member reported to Yakama Nation Police that ACM was missing, and was seen getting into a car near "the compound."

Weeks later, Witness 1 was questioned by the FBI. Witness 1 did not initially provide any useful information, but later contacted your affiant and asked to talk. Witness 1 was terrified for his/her safety. Over a series of interviews, Witness 1 stated that Stevens shot and killed ACM in the hills north of Brownstown, on the Yakama Nation Indian Reservation. Witness 1 described the location of ACM's body. Witness 1 stated that, at the time of the murder, there was a fourth individual who was present, hereafter "Witness 2." Witness 1 stated that after the murder, Stevens, Witness 1 and Witness 2 went to Brownstown Tavern. While at Brownstown Tavern, Stevens instructed Witness 1 to clean the car. At some point, Stevens became convinced that Witness 1's blood would be found on ACM's clothing (Witness 1 had an injured finger from a previous altercation with Stevens), and therefore Stevens directed that Witness 1 and

Witness 2 accompany Stevens back to ACM's body in order to remove ACM's clothing.  Witness 1 told your affiant that Stevens threatened that if Witness 1 said anything to anyone about what had happened, he would kill Witness 1 just like he killed ACM.

Your affiant and tribal PD officers searched the area described by Witness 1, however, the area was remote and vast, and the body was not found at that time.

Witness 1 agreed to accompany your affiant to the site in order to locate ACM's body.  On May 29, 2019, Witness 1 led your affiant to the body of ACM. The only clothes on the body were a bra and underwear. Investigators noted that it appeared as though ACM's clothing had been pulled off because the arms were stretched above the head, as was the hair, and the underwear was slightly below the hips. An autopsy of ACM was conducted on May 30, 2019.  The autopsy concluded that the cause of death was probable gunshot wound to the head, however, a forensic anthropology examination would be necessary to confirm. The forensic anthropology examination has not yet been completed.

On June 4th, 2019, Witness 2 was located and interviewed.  Witness 2 stated as follows.  Witness 2 was present on May 3, 2019 along with Jordan Stevens, ACM, and Witness 1.  Witness 2 did not know Witness 1, and had only met him/her that day.  Stevens, Witness 1, and Witness 2 were driving around and picked up ACM at "the compound."  They drove to the closed area of the Yakama

Nation Indian Reservation in the hills north of Brownstown.  Stevens had a rifle or a shotgun.  Stevens removed ACM from the vehicle, and shot her.  Witness 2 believed that Stevens killed ACM because she spoke with the "Feds" about something Stevens and Witness 1 had done.  Witness 2 did not know anything further about what Stevens and Witness 1 may have done, or what ACM may have spoken to the "Feds" about.  Witness 2 was under the impression that Stevens and Witness 1 planned to kill ACM because she "ratted" on them or "snitched" on them.  Witness 2 thought that Stevens and Witness 1 may have gone back to the murder scene to remove ACM's clothing, because Witness 1 got blood on them.

On June 19th, 2019, your affiant located and interviewed a person identified as Witness 3.  Witness 3 was present at the Brownstown Tavern on May 3, 2019, and recalled seeing Stevens, Witness 1, and Witness 2.  Witness 3 thought that they arrived to the tavern in a blue Chevrolet Tahoe, which they parked behind the tavern.  Witness 3 saw the three cleaning the vehicle, and removing items from it.  When asked if there had been anything unusual, Witness 3 stated that Witness 1 appeared to be very upset and very scared, and that Witness 2 had been very drunk.

According to Yakama Nation administration, both Stevens and ACM are enrolled members of the Confederated Tribes and Bands of the Yakama Nation, a federally recognized Indian tribe.  The location of the murder was within the exterior boundaries of the Yakama Nation Indian Reservation.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
Clinton W. Barefoot
Federal Bureau of Investigation

SWORN TO telephonically and subscribed electronically this 28th day of June, 2019.

_____
Honorable Mary K. Dimke
United States Magistrate Judge