FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 11, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JORDAN EVERETT STEVENS,<br><br>　　　　　Defendant. | No.　1:19-CR-02038-SAB-1<br><br>**ORDER SETTING SENTENCING SCHEDULE AND PRETRIAL CONFERENCE** |

On June 10, 2021, the jury found Defendant guilty of First Degree Murder, in violation of 18 U.S.C. §§ 1111, 1153, and Discharging a Firearm During and in Relation to First Degree Murder, in violation of 18 U.S.C. § 924(c).

Defendant was represented by Ulvar Klein, Robin Emmans, and Karla Kane. The Government was represented by Benjamin Seal and Richard Burson. After the verdict, the Court set a sentencing date.

Accordingly, **IT IS HEREBY ORDERED**:

1.　All pending motions are **DISMISSED as moot**.

2.　Sentencing will be held on **September 1, 2021 at 9:30 a.m.**, in **Yakima**, Washington. Defendant shall remain in custody pending sentencing.

3.　A pretrial conference for Counts 1 and 2 of the Indictment is **set** for **July 7, 2021** at **11:00 a.m.**, in **Yakima**, Washington.

4.　Pursuant to 18 U.S.C. § 3161(h)(1)(B) and (7)(A), the time between June 10, 2021, the trial date for Counts 3 and 4, until July 7, 2021, the pretrial conference date for Counts 1 and 2, is **DECLARED EXCLUDABLE** for purposes of computing time under the Speedy Trial Act. The Court finds that the ends of justice served outweigh the public's and Defendant's interest in a speedy trial.

ORDER SETTING SENTENCING SCHEDULE * 1

5. The United States Probation Officer shall prepare a timely presentence investigation report ("PSIR") which will comply with the following schedule:

(a) Not less than **35 days prior to the date set for sentencing**, the Probation Officer shall disclose the PSIR to counsel for Defendant and the United States. Within **14 days thereafter**, counsel shall communicate in writing to the probation office any objections they may have as to any factual errors or omissions; sentencing classifications; sentencing guideline ranges; and policy statements contained in or omitted from the report. Such communication may be oral initially but shall immediately be confirmed in writing to the Probation Officer and opposing counsel.

Objections shall be numbered and identify the paragraph(s) to which the objection applies. Objections shall address the PSIR in sequential order, beginning with the lowest numbered paragraph.

(b) After receiving counsel's objections, the Probation Officer shall conduct any further investigation and make any revisions to the PSIR that may be necessary. The Probation Officer may require counsel for both parties to meet with the officer to discuss unresolved factual and legal issues and counsel shall make themselves available for that purpose.

(c) At least **10 days prior to the date of the sentencing hearing**, the Probation Officer shall submit the PSIR to the sentencing judge. The PSIR shall be accompanied by an addendum setting forth any objections counsel may have made, including those that have not been resolved, together with the officer's comments and recommendations thereon. The Probation Officer shall certify that the contents of the report, other than sentencing recommendations, including any revisions or addenda, have been disclosed to counsel for the Defendant and the United States, and that the addendum fairly states any remaining objections.

(d) Except with regard to any written objection made under sub-division (a), the PSIR and computations shall be accepted by the Court as accurate. Upon a timely

ORDER SETTING SENTENCING SCHEDULE * 2

objection by the Defendant, the United States bears the burden of proof on any fact that is necessary to establish the base offense level. The Court, however, for good cause shown, may allow a new objection to be raised at any time before the imposition of sentence. In resolving disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, the Defendant, or the United States.

(e) Nothing in this Order requires the disclosure of any portions of the PSIR that are not disclosable under Rule 32 of the Federal Rules of Criminal Procedure.

(f) The PSIR shall be deemed to have been disclosed: (1) when a copy of the report is physically delivered; or (2) one day after the report's availability for inspection is orally communicated; or (3) three days after a copy of the report or notice of its availability is mailed to counsel, whichever date is earlier.

(g) **Any memorandum or motion** regarding sentencing must be filed and served at least **15 days prior to the date set for sentencing**. The opposing party shall file and serve a response, if any, **within 7 days** of receipt of the motion.

6. By and through this Order, the District Court Executive is authorized to accept Defendant's payment in the amount of $100 per count, for a total of $200, toward Special Penalty Assessments.

**IT IS SO ORDERED**. The District Court Clerk is directed to file this Order and provide copies to counsel **AND TO** the United States Probation Office.

**DATED** this 11th day of June 2021.



Stanley A. Bastian
Chief United States District Judge