Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509) 993-1601
virginiarockwood@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.: 1:19-CR-2038-SAB |
| Plaintiff, | ) |
| | ) Memorandum of Authorities |
| vs. | ) For Motion for New Trial |
| Jordon Everett Stevens, | ) |
| Defendant | ) |

## FACTS AND PROCEDURAL HISTORY

On June 10, 2021 Jordan Stevens was convicted of First-Degree Murder and Discharging a Firearm During and in Relation to a Crime of Violence. Benjamin Seal and Richard Burson represented the United States. Ulvar Klein, Robin Emmans and Karla Kane (The Defense Team) represented Mr. Stevens. During the four-day trial, among the witnesses presented by the Prosecution were two eye witnesses, Jessica McCormick and Samantha Tainewasher, who testified that on the day of the murder they drove to a closed area of the Yakima reservation with Stevens. The vehicle stopped

MOTION FOR NEW TRIAL- 1

and the Stevens shot the victim with a single shot from a rifle. Tim Castilleja testified that McCormick, Tainewasher and Stevens appeared at a tavern in Tainewasher's vehicle, and that Stevens had a rifle.  Stevens DNA was found on cigarette butts in ST's vehicle.  The jury also heard statements made by the Stevens after learning of the murder charge: "Ain't nobody's fault but my own" and "I guess the spirits do really come back on you." For its last witness the prosecution called the lead case agent, FBI Special Agent Barefoot.  It was decided earlier among the defense team that Emmans would cross examine Barefoot. The cross of Barefoot occurred over a two-day period because of scheduling issues. The Defense team's theory of the case, as later explained by Klein, was that Agent Barefoot "rushed to judgment" assuming Stevens was guilty and tainted the witnesses by telling them what he believed happened the day of the murder.  Toward that end Emmans asked the Agent a series of questions about the Agent's investigation focusing solely on the Defendant as a "suspect" or "person of interest" rather than the witness McCormick.  Pertinent here is Emmans cross, Trial Transcript Day 3 (TT3 at 224) as follows:

Q.  So in these documents, when you identify a case, again, you have – you identify the involved person.  In some of these you are identifying both Jasmine and Jordan above the listed victim; is that right?

A.  In the case title?

MOTION FOR NEW TRIAL- 2

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

Q.  So, in the case ID you list – there's a number, but there's also involved persons.

A. Yes.

Q. Okay.  The top, at the top is a person of interest or a suspect?

A. Yes.

Q.  And then its looks like a location?

A.  Sounds right.

Q. Okay. And in some of these you're listing both Jordan Stevens and Jasmine McCormick - - or at least in one of those; is that right?

A.  In one of the cases?

Q.  In one of these documents where you're identifying the case and who you are interested in as a suspect.

A.  Well, there are two, there's two cases in play here.

Q. Okay, if I handed you one - --

The Court: All right. Let's not do this - -

The Witness: I have  - -

The Court: In front of the jury.

Ms. Emmans: Okay.

The Court: Do you need to check the documents to see if you gave him the correct document?

Ms. Emmans:  I probably should.

The Court: All right. Kingsley, can you return the documents, please.

Ms. Emmans: Thank you.

MOTION FOR NEW TRIAL- 3

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

1  --

2  Q.  Let me just ask it this way. In those forms, normally if

3  there more than one suspect, you would put both of them above

4  the victim?

5  A. Correct.

6  Q. But in the ones relating to this case, you are listing only

7  Jordan Stevens; is that correct?

8  A.  That's correct.

9  Q. As early as June 3; correct?

10 A. That sounds correct.

11 Q. Okay.

12 The Court: What year counsel?

13 Ms. Emmans: I'm sorry?

14 The Court: What year?

15 Ms. Emmans: Oh, thank you. 2019.

16 Q. (By Ms. Emmans) June - -

17 A. That sounds correct.

18 Q.  - - 2019; right?

19 A. Yes.

20 Q. Okay. All right.  All right. So as early as June 3, you've

21 already made that transition in your documentation?

22 A.  Again, I wouldn't call it a transition.  The evidence was

23 clear in this case that regardless of whether or not Ms.

24 McCormack was involved and in what capacity, *Jordan Stevens was*

25 *the one who killed Ms. Minthorn.*

26 Mr. Klein: Object. Move to strike, please.

27 MOTION FOR NEW TRIAL- 4

28

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

1  The Court: Proceed.

2  Ms. Emmans: I didn't hear.

3  The Court: Proceed.

4      The questioning of Agent Barefoot by Ms. Emmans continued

5  until break.  During the break Mr. Klein told the Court: "I

6  admit I spoke out of turn. It was Ms. Emmans witness.  But it

7  way far afield for an officer to go 'I know Jordan did it.  I

8  know he's guilty.'   That opinion testimony comes in, and runs

9  the risk of adding speculation that maybe the agent has special

10 hidden knowledge that the jury is not getting.  And so, when

11 he's answering saying, 'He's guilty.  Jordan did it, there's no

12 doubt".

13     The Court advised Klein that he was "extrapolating just a

14 little bit" TT3 at 236 and had the court reporter pull a rough

15 transcript of the agent's answer and provided its own version of

16 what the agent had testified to.   Mr. Klein advised the Court

17 that his objection was still standing to strike the testimony

18 and give a curative instruction.   Prosecutor Seal advised the

19 Court he thought that the defense had opened the door based upon

20 Emmans line of questioning leading up to Agent's statement of

21 defendant's guilt.   The Court advised that it would give it

22 some thought and for the parties to work on some proposed

23 language if a curative instruction was to be given.  After some

24 other housekeeping matter the Court adjourned.

25     The following day Emmans advised the Court that she had

26 been "kind of sick the last couple of day" but felt fine

27 MOTION FOR NEW TRIAL- 5

28

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

currently.  Klein then advised the Court: "We are not making a
motion for a mistrial.  We are making a motion for a curative
instruction." TT4 at4 The Court then advised the parties that it
had given the situation some thought would give its solution
after hearing from each side.  The Court then stated that Agent
Barefoot, as lead investigator, was attempting to explain his
decision as to only listing Stevens as a suspect and not others.
"In the Court's opinion, Special agent Barefoot did not vouch
for the believability of any witness.  Special Agent Barefoot
did not testify that Jasmine McCormick was believable or
truthful."   However, the Court did say that the Agent's
unfortunate statement, that Stevens was the one that killed Ms.
Minthorn, was a decision the jury must make and therefore the
best way to handle this situation was to strike that comment.
The instruction to strike was largely taken from the
government's offering.  The Court began with reciting Agent's
Barefoot verbatim statement, followed by the instruction not to
consider the statement during deliberation.  "The question of
guilt or innocence is strictly a matter for the jury to decide."
The Prosecution wanted Klein to put on the record that the
defense was withdrawing the motion for mistrial.  Klein obliged
saying "Judge, clearly we are withdrawing the motion for
mistrial after consultation with our client."  As the discussion
continued the Court advised the parties that while the offending
area of the Agent's testimony was to be stricken, he was still
on the stand and that the area of his testimony is still subject

MOTION FOR NEW TRIAL- 6

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

to cross-examination and redirect.  The Court further explained that the Agent's offending testimony was a result of the Defense team opening the door by saying, "Why did the reports change over time? . . .  So that door was opened as to why and when did that happen, and I think he can say: 'Well, because the focus of my investigation was Jordan Stevens was the suspect; not Jasmine McCormack.'"  TT4 at10.

After the Agent's testimony, Stevens was convicted.  On October 5, 2021 the Defense filed a Motion for New Trial (ECF 167) pursuant to FRCrP 33(b)(1) claiming ineffective assistance of Defense counsel Emmans.  Emmans claimed that in mid-July 2021 she had discovered she mixed up her depression and anxiety medications with blood pressure medication prior to and during the trial.  Because of this "newly discovered evidence" it affected the fitness of counsel during trial wherein she elicited the Agent's testimony on Stevens' guilt.  The motion for mistrial that was withdrawn in favor of a curative instruction was made without the knowledge of Ms. Emmans impairment.  The Defense filed Declarations by Emmans Nurse Practitioner and Co-counsel Klein concurring with Emmans declaration. Ms. Kane was to make the Ineffective Assistance of Counsel argument for the Defense at the hearing. The Prosecution responded (ECF 173) by pointing to Emmans' otherwise "robust cross-examination" of the Agent, performing effectively at trial.  The Prosecution also cited several cases wherein counsel's mental illness, taking legal and illegal drugs, abuse

MOTION FOR NEW TRIAL- 7

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

of alcohol, etc. was, in of itself, did not equate to a Sixth
Amendment violation as explained in Strickland v. Washington,
466 U.S. 668, 687 (1984).  The inquiry is whether, for whatever
reason, counsel's performance fell below the standard of
objective reasonableness, and that deficiency prejudiced the
Defendant.  Id.

On December 1, 2021, the Court held a hearing on the Motion
for New Trial. (ECF 167). Before beginning, the Court posed two
questions to respective counsel being ". . . concerned that
we're just creating a 2255 problem that we would all have to
deal with perhaps in the future given the seriousness of this
case."

**Question 1: Can an attorney claim ineffective assistance of
counsel based upon their own representation or should the claim
be brought, presented, and argued to the court by an independent
lawyer, someone who is not involved in the activity that is
under review?**

**Question 2: Should there be an evidentiary hearing with
testimony on the issue of ineffective assistance of counsel or
can the court proceed on affidavits alone? Is a Waiver needed?**

The Prosecution advised the Court that attorney Kane, part
of the defense team, could argue the IAC motion because she was
not in the same law firm as was Klein and Emmans.  The
Prosecution also queried as to what were the specific errors or
omissions that prejudice the defense? (ECF 173). Ms. Kane on the

MOTION FOR NEW TRIAL- 8

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

other hand advised that the Court could go forward on the
hearing because she was a separate entity from the law firm of
Klein and Emmans.  She further argued that the Court could rely
on the affidavits submitted by the Defense sufficiently enough
without an evidentiary hearing.  Klein advised that, in light of
the Court's comments, the court should maintain Klein, Emmans,
and Kane as Stevens' lawyers but should appoint a different
lawyer to handle the ineffective assistance claim prior to
sentencing. The Court decided to continue the hearing and
appoint independent counsel to attempt to answer the two
questions posed. TT Dec. 1 2021 hearing at 10.

**ANALYSIS**

**Question I**

In answering whether an attorney can claim their own
ineffective assistance of counsel, the research conducted so far
has revealed no cases to support Emmans bringing her own
Ineffective Assistance of Counsel (IAC) claim, instead of the
Defendant.  However, no cases can be found that prohibits Emmans
from moving the Court for a new trial based on her own admission
of ineffectiveness. Yet, this presupposes that a Motion for a
New Trial based on an IAC claim may be brought pursuant to FRCrP
33(b)(1), as discussed below.

Inherent in answering the Court's question, "best practices"
reveal that not only Emmans, but the whole defense team should

MOTION FOR NEW TRIAL- 9

remove themselves so that an independent lawyer who has no involvement in the activities of the current defense team.  This opinion is based upon several reasons.

First, the ABA Criminal Justice Standards for Defense Function makes clear under Standard 4-8.1 Post - Trial Motions:

b) Unless contrary to the client's best interests or otherwise agreed or provided by law, defense counsel should ordinarily represent the client in post-trial proceedings in the trial court. Defense counsel should consider, however, whether the client's best interests would be served by substitution of new counsel for post-trial motions.

"(c) If a post-trial motion is based on ineffective assistance of counsel, defense counsel should seek to withdraw in accordance with the law regarding withdrawal and aid the client in obtaining substitute counsel."

Standard 4- 9.6 Challenges to the Effectiveness of Counsel

(b) If defense counsel concludes that he or she did **not** provide effective assistance in an earlier phase of the case, counsel should explain this conclusion to the client. Unless the client clearly wants counsel to continue, counsel in this situation should seek to withdraw from further representation of the client with an explanation to the court of the reason, consistent with the duty of confidentiality to the client.

    With the above in mind, it stands to reason that once an IAC claim is brought, either by the Defendant or irregularly by Defense counsel as was done here, that lawyer as well as any of

MOTION FOR NEW TRIAL- 10

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

the defense team should withdraw in favor of new counsel.  Here,
the instant motion presumes that Emmans was ineffective by
inviting error when cross-examining Agent Barefoot. See United
States v. Watson, 260 F.3d 301 (3rd Cir. 2001).  Moreover, did
Emmans questioning of the Agent actually "open the door", as the
Court believed, or did the Court answer that question when
paraphrasing how the Agent can (and should) respond by to Emmans
line of questions by saying: 'Well, because the focus of my
investigation was Jordan Stevens was the suspect; not Jasmine
McCormack.'"   Moreover, can the Agent's opinion as to the
ultimate issue of Stevens guilt, prohibited by Fed.R.Evid.
704(b), be curable by a jury instruction alone?  But See United
States v. Navarro-Montes, 521 Fed.Appx. 611 (2013 – not selected
for publication, see also Ninth Circuit Rule 36-3); also see
*United States v. Boykins*, 834 Fed.Appx. 515 (2020). In other
words, Did Ms. Emmans questions, whether by mistake or design
actually elicit the Agent testimony about the mental state of
the Defendant by offering his opinion on Stevens' guilt. *See*
*United States v. Watson*, 260 F.3d 201 (3rd Circuit 2001). Further
did the Agent actually improperly vouch for the other two
witnesses eye witnesses who testified previously by his
preliminary comment: "the evidence was clear…."  Id. at 615.
While the Court here believed there was no impermissible
vouching the problem arises when the Defense team did not
object, inviting review for plain error instead of under the
less stringent abuse of discretion standard.  Id. at 614.  It

MOTION FOR NEW TRIAL- 11

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

also presumes that there were no additional errors by the
Defense team when Klein advised the Court that he was
withdrawing the motion for mistrial and assented to a curative
jury instruction alone.  Clearly, Agent Barefoot statement could
be interpreted as far more damming than that of the Agent's
statement in *Navarro-Montes*. Research completed thus far shows
no instances where Defense counsel has remained after the
Defendant has claimed IAC.

 Moreover, most of the cases reviewed for ineffective assistance
of counsel come by way of either a direct appeal or by Habeas
when defense counsel no longer represented the person convicted,
and thus new counsel was appointed.  For example, many of the
cases cited by the Prosecution in the instant Response to Motion
for New Trial (ECF 173) are Habeas cases where new counsel had
been appointed.  See *McDougall v. Dixon*, 921 F.2d 518 (4th Cir.
1990); *Bonin v. Calderon*, 59 F.3d 815 (9th Cir. 1995); *Fry v.
Lee*, 235 F.3d 897 (4th Cir. 2000); *Berry v. King*, 765 F.2d 451
(5th Cir. 1985).  Interestingly in *Berry*, the trial attorney
testified in his own defense as to the claim of IAC by Berry.

   In another case in the Eastern District of Washington,
substituted counsel moved for a new trial by claiming
ineffective assistance of counsel after a conviction of First-
Degree Murder but before sentencing, pursuant to FRCrP 33(b)(1).
In *United States v. Norman Ford*, 2:06-CR-0083-EFS (ECF 438) the
Honorable Judge Edward Shea ordered a new trial for Ford after
reconsideration.  The Court found, after reviewing the submitted

MOTION FOR NEW TRIAL- 12

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

materials, including the responses to the Court's tentative order, and hearing from counsel, that "… the interest of justice require a new trial" because Ford's Sixth and Fourteenth Amendment rights to be correctly advised by either the Court or Defense Counsel about the mandatory life imprisonment sentence he faced if convicted of Count 1 – felony (burglary of a residence) murder were violated.  (See Attached Order as Exhibit A).  Under the Sixth Amendment Defendant is entitled to effective assistance of counsel as stated in Strickland.  The Court also held that the Fourteenth Amendment's due process clause also requires the Defendant receive notice as to the nature of the charges against him.  The Court found that neither the Prosecution nor the comments of the magistrate judge at arraignment provided Defendant with clear and correct notice as to the penalty on Count 1. Ford submitted a Declaration he was told he faced "'up to' [a] life sentence on Count 1 [and] was never informed by the Court or the US Attorney that the penalty . . . was mandatory life sentence."  Ford's attorney at the time but who was later substituted by new counsel stated that while he gave his client a copy of the government's letter advising of the mandatory life term, he also stated that he advised Ford that the Court discretion to depart downward.  The Court held that based upon the attorney's statements, and the attorney not researching the issue on his own, found Ineffective assistance of counsel, and that these violations under the Strickland standard constituted newly discovered evidence FRCrP 33(b)(1).

MOTION FOR NEW TRIAL- 13

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

However, in doing so the Court recognized that the Ninth Circuit has limited the ability of a defendant to seek a new trial under Rule 33 based on ineffective assistance of counsel citing *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir 1997; *United States v. Hanoum*, 33 F.3d 1128, 1130-31 (9th Cir. 1994). Yet the Court further explained that the case before presented a rare circumstance where the record is sufficiently developed to permit determination of the issue. "In addition, this is not a case where Defendant is arguing that trial counsel failed to prepare for trial, call a particular witness or seek exclusion of particular evidence. . . ." *Id.*

Perhaps of the most significance for purposes of this memorandum is the almost insurmountable problem with Ms. Kane going forward under the instant motion for new trial when viewing the holding in both *Pirro* and *Hanoum*. In *Hanoum*, the Defendant claimed the district court erred in dismissing his Rule 33 motion for a new trial as untimely. Relying on *Baumann v. United States*, 692 F.2d 565 (9th Cir.1982), the district court held that because the motion for a new trial was based upon a claim of ineffective assistance of counsel, it was not based on "newly discovered evidence", and therefore was untimely, as it was not brought within the limit seven days of the verdict. (Now 14 days.) Hanoum argued that the district court erred in holding that ineffective assistance of counsel can never constitute new evidence under Rule 33. Hanoum claimed that ineffective assistance of counsel can constitute new evidence if the

MOTION FOR NEW TRIAL- 14

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

ineffectiveness claim is based upon facts which were unknown to the accused at the time of trial. Hanoum relies on this court's statement that "we are not at liberty to disregard the explicit directive of Rule 33 and exempt from the 7-day limitation claims of ineffective assistance of counsel based upon facts known to the accused at the time of trial." *United States v. Lara-Hernandez*, 588 F.2d 272, 275 (9th Cir.1978) (emphasis added). Hanoum argued that this language implies that if the underlying facts are unknown to the accused at the time of trial, the ineffective assistance of counsel can be considered as "new evidence." Id. at 1130. The Court held however, that "[t]his theory, however, must confront the fact that our test for newly discovered evidence requires that the evidence "must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal." This language certainly suggests that newly discovered evidence must generally, if not always, be evidence related to the issues at trial, not evidence concerning separate legal claims such as ineffective assistance of counsel. *United States v. DeRewal*, 10 F.3d 100, 104 (3rd Cir.1993) (citations omitted), *cert. denied*, 511 U.S. 1033, 114 S.Ct. 1544, 128 L.Ed.2d 196 (1994). We have also held that the newly discovered evidence "must be material to the issues involved, not merely cumulative or impeaching, and must indicate that a new trial probably would produce an acquittal." United States v. Lopez, 803 F.2d 969, 977 (9th Cir.1986), cert. denied, 481 U.S. 1030, 107 S.Ct. 1958, 95

MOTION FOR NEW TRIAL- 15

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

L.Ed.2d 530 (1987).  We hold that a Rule 33 motion based upon "newly discovered evidence" is limited to where the newly discovered evidence relates to the elements of the crime charged. Newly discovered evidence of ineffective assistance of counsel does not directly fit the requirements that the evidence be material to the issues involved, and indicate that a new trial probably would produce an acquittal. The fact that Hanoum's attorney @1131 allegedly failed to do anything to prepare a case is material to whether he was effective or not, but not to whether Hanoum is innocent or guilty of the crimes charged. While it is true that the evidence he should have put on might have been material, that evidence itself was not what was newly discovered. Hanoum knew of such evidence, but did not know his counsel was allegedly repressing it. Additionally, evidence of ineffectiveness will seldom if ever indicate that a new trial would probably produce an acquittal. The same problem occurs: it is the underlying evidence suppressed or not presented by the attorney, not the attorney's ineffectiveness, that might produce the acquittal.  As the Fifth Circuit pointed out in *United States v. Ugalde*, 861 F.2d 802, 809 (5th Cir.1988), cert. denied, 490 U.S. 1097, 109 S.Ct. 2447, 104 L.Ed.2d 1002 (1989):

'If we were to create such an exception for evidence of ineffective assistance of counsel, we would greatly expand the opportunities to make a late request for a new trial. Defendants could easily search out some fact about their lawyer's pre-trial

MOTION FOR NEW TRIAL- 16

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

preparation, and make that fact the basis for an otherwise untimely motion for new trial.'"

In *Pirro*, the Defendant was convicted of assault on a federal agent and of use of a gun during the commission of the assault. After conviction but before sentencing, defendant sought habeas relief on grounds of ineffective assistance of counsel. The District Court denied relief, and defendant appealed the decision and separately appealed his conviction. the Court of Appeals consolidated.  The Court stated: "The customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255." *United States v. Miskinis*, 966 F.2d 1263, 1269 (9th Cir.1992) (quoting *United States v. Birges*, 723 F.2d 666, 670 (9th Cir.), cert. denied, 466 U.S. 943, 104 S.Ct. 1926, 80 L.Ed.2d 472 (1984) (alteration omitted)). We have rejected the use of a Rule 33 motion for new trial based on "newly discovered evidence" involving the ineffective assistance of counsel. *United States v. Hanoum*, 33 F.3d 1128, 1130 (9th Cir.1994), *cert. denied*, 514 U.S. 1068, 115 S.Ct. 1702, 131 L.Ed.2d 564 (1995). We also have rejected the use of direct appeal for ineffective assistance of counsel claims, except in limited circumstances where the record is sufficiently developed. *Miskinis*, 966 F.2d at 1269. In this case, however, *Pirro* brought his ineffective assistance claim neither in a direct appeal nor in a Rule 33 motion for new

MOTION FOR NEW TRIAL- 17

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

trial, but in a section 2241 habeas corpus petition. We therefore must consider whether section 2241 was an appropriate mechanism for relief.  Delay in considering a section 2255 motion results from our direction that, for reasons of judicial economy, "'[a] district court should not entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court.'" *United States v. Deeb*, 944 F.2d 545, 548 (9th Cir.1991) (quoting *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir.1987)), *cert. denied*, 503 U.S. 975, 112 S.Ct. 1597, 118 L.Ed.2d 312 (1992). In holding that delay in the resolution of a section 2255 motion does not entitle a defendant to bypass section 2255 in favor of section 2241, we join other circuits who have rejected arguments that the delay in the disposition of a section 2255 motion renders it an inadequate remedy. In *Winston v. Mustain*, 562 F.2d 565, 566-67 (8th Cir.1977),

### Issue of Evidentiary hearing

In general it is within the Court's discretion whether to accept affidavits or require live testimony at a hearing on motions before the Court. Hanoum also raised a claim on direct appeal that he was denied effective assistance of counsel, due to the same alleged conflict of interest. "[T]he customary procedure in this Circuit for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on

MOTION FOR NEW TRIAL- 18

the conviction under 28 U.S.C. § 2255, and this Court has been wary of analyzing insufficiency of counsel claims on direct appeal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.1984) (citations omitted), *cert. denied*, 470 U.S. 1058, 105 S.Ct. 1772, 84 L.Ed.2d 832 (1985). This court usually declines to reach ineffectiveness challenges on direct appeal, because the claim cannot be advanced without development of facts outside the record. The same approach has been taken for claims of ineffectiveness due to a conflict of interest. See *United States v. Miskinis*, 966 F.2d 1263, 1268-69 (9th Cir.1992).  This court can consider a claim of ineffective assistance of counsel on direct appeal if the record is sufficiently complete to allow us to decide the issue. Id. at 1269. The record before us illustrates precisely why ineffective assistance claims cannot generally be evaluated on direct appeal*." United States v. Wagner*, 834 F.2d 1474, 1483 (9th Cir.1987), *cert. denied*, 510 U.S. 1134, 114 S.Ct. 1110, 127 L.Ed.2d 420 (1994). When a claim of ineffectiveness is based on a conflict of interest, particularly a pecuniary conflict between the client and his attorney, it is especially important to develop the facts of the conflict in a hearing, as the conflict will never be apparent from the trial court record.  Hanoum at 1132.

**A district court has discretion in determining whether to hold an evidentiary hearing on a § 2255 motion**. United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005); Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). This Court may dismiss a

MOTION FOR NEW TRIAL- 19

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

motion brought under § 2255 without a hearing where the record shows conclusively that the movant is not entitled to relief. United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992). In considering the petition, a district court must "accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Creamer, 2012 WL 3641351, at *3 (E.D. Pa. Aug. 24, 2012) (quoting Booth, 432 F.3d at 545). "Vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." Gomez-Alamanza v. United States, 2013 WL 1951939, at * 3 (E.D. Pa. Apr. 24, 2013) (quoting United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000))."

The above concludes the research on the two issues discussed at the December 1 2021 hearing on the Motion for New Trial (ECF 167) filed by the defense. At the Status Hearing April 12, 2002 the issue of further testimony will be discussed with the Court.

In this case testimony to expand on the facts alleged in the Motion for New Trial (ECF 167) may be a probative exercise. The motion affidavits previously filed are sufficient to state the claim. Additional affidavits or testimony from the defendant may flesh out the impact on his sixth amendment right to effective counsel. Testimony or affidavits from additional witnesses who were present in court may also provide a clearer record of the

MOTION FOR NEW TRIAL- 20

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

events leading to the conclusion that the defendant was prejudiced by ineffective assistance of counsel.

**Waiver**

A waiver by the defendant of additional testimony in support of the motion for new trial presumes he is aware of legal theory. However, if explained properly he would understand the options before the Court to allow additional testimony or not. The defendant's statement will be filed separately prior to the next status hearing. The Court can inquire further at that time.

This memorandum is intended to present the law; additional testimony is up to the discretion of the Court, and argument by counsel to be scheduled at the hearing and reserved for a reply brief.

**CONCLUSIONS**

1. **No case law has been found to determine that a Defense attorney claim ineffective assistance of counsel based upon their own representation.  However, this may be easily rectified by presenting the issue to the Defendant and follow up with his Declaration.**
2. **Defense counsel as well as the entire defense team should absolutely seek to withdraw in accordance with the law regarding withdrawal and aid the client in obtaining substitute counsel.**

MOTION FOR NEW TRIAL- 21

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

**3.**     **It appears that the Court has discretion to hold an evidentiary hearing with testimony to flesh out any issues new counsel may consider bringing in addition to the issue that it cannot proceed on affidavits alone, and that the hearing itself is not foreclosed by on the holding in *Pirro* and *Hanoum.***

Dated this 8th day of April, 2022.

s/Virginia Rockwood
Virginia Rockwood
Attorney for Defendant
P.O. Box 10258
Spokane, WA 99209
WSBA 11253

Robert R. Fischer
Co-counsel
WSBA 21839

/

/

MOTION FOR NEW TRIAL- 22

CERTIFICATE OF SERVICE

I hereby certify that on April 8th, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: AUSA Richard Burson.

Dated this 8th day of April, 2022.

s/Virginia Rockwood
Virginia Rockwood
Attorney for Defendant
P.O. Box 10258
Spokane, WA 99209
WSBA 11253

MOTION FOR NEW TRIAL- 23

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601