Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509) 993-1601
virginiarockwood@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>Jordan Everett Stevens,<br><br>    Defendant | Case No.: 1:19-CR-2038-SAB<br><br>Response to Rule 33 Brief on Timeliness |

**RULE 33(b)(1) Motion for New Trial**

   THE DEFENDANT, through his Counsel Virginia Rockwood, submits the following response to the brief filed by AUSA Richard C. Burson on timeliness of Rule 33 Motion for New Trial as requested by the Court. (ECF 207). It is part of the record that on October 5, 2021 several months after the trial and conviction of the defendant, Ms. Emmans filed a Motion for New Trial (ECF 167) on the basis of her own ineffective assistance of counsel. This motion was based on her confusion and medical

SUPPLEMENTAL MEMORANDUM- 1

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

event during Day 3 of the trial relating to a mix up in her prescription drugs. This medication mix up was discovered some weeks after the trial ended. After consultation with her medical provider, she took the newly discovered information and filed a Rule 33(b)(1) motion for new trial. (ECF 167) (Exhibit A and B) which explain the excusable neglect and delay in her filing the motion. It would not have been possible for her to file such a motion within the 14 days contemplated in the rule. Once she had the August 25th 2021 letter from her ARNP Nicole Storlie, she was able to determine an explanation for the events she described in her motion which is pending before this Court.

**ARGUMENT**

U.S. v. Jensen CR-08-054-JLQ (E.D. Wash Sept. 27, 2010) does outline an avenue that this Court can take. It can in fact find excusable neglect and grant the motion for new trial considering Rule 45(b)(1)(B). The Motion for New Trial filed by Ms. Emmans (ECF 167) gives the reasons for its untimely filing. The Court does have authority to find excusable neglect. That is exactly what the Court in Jensen did to uphold the defendant's 6th Amendment right to effective counsel. The Government asks the Court to discard Jensen and deny the motion. The defendant Jordan Stevens asks the Court to grant the motion for new trial. A distinction is that Jenson did not really address this

SUPPLEMENTAL MEMORANDUM- 2

situation because the ineffective assistance of counsel was not self-reported as we have here. Ms. Emmans could not have known immediately after the trial or within 14 days the excusable reason for her performance. This knowledge occurred only after discovery of her medication mix up. That is excusable neglect, which she submitted to the Court in her motion for new trial once she had medical confirmation. This distinction allows additional reasoning to consider the claim of ineffective assistance of counsel by Ms. Emmans.

To address the issue raised by the Government of bad faith, the declaration filed by the defendant Mr. Stevens (ECF 203) recounts his recollection of the events during her confused state at trial. This is not evidence of bad faith, but his own personal perspective. It shows the prejudicial effect of Ms. Emmans performance. The withdrawal of the motion for mistrial by co-counsel Mr. Klein should not be held against the defendant to prove bad faith. That withdrawal was addressed in prior briefing.

The Advisory Committee's Notes to the rule does not prevent this Court from reviewing all of the pleadings submitted to find sufficient information to overcome the arguments in the Governments brief. In this instance Ms. Emmans filed her motion only when she discovered the cause of her ineffective assistance

SUPPLEMENTAL MEMORANDUM- 3

of counsel. She has filed sufficient affidavits to proffer the information needed to find excusable neglect for the delay.

A hearing has been requested in this case to flesh out any evidentiary gaps for the Court. The issue of a hearing was discussed in this case at the December 1, 2021 first hearing on the motion for new trial. This Court pointed out that the record may need to be supplemented. The undersigned was appointed new counsel on the issue of this motion. There has been extensive briefing in this case at the request of this Court to examine the unusual timing and self-reporting of an ineffective assistance claim; and now the issue of timely filing. The Government's first brief did not object on the issue of timeliness. This careful and deliberate process has benefitted both parties. Shinn v. Martinez No. 20-1009 decided in the United States Supreme Court last week, May 23, 2022 gives a detailed review of Ineffective Assistance of Counsel claims reviewed on appeal and 2255 petitions. The thrust of the opinion leads to the conclusion that development of the record belongs with the District Court. That is exactly where this case stands today and was predicted by this Court. A hearing for further testimony is currently scheduled.

/
/

SUPPLEMENTAL MEMORANDUM- 4

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

**CONCLUSION**

The Motion for New Trial (ECF 167) filed by Ms. Emmans asks the Court to not bar the motion on timeliness grounds but to find grounds to grant Mr. Stevens a new trial based on all of the evidence in the record, excusing the delay in the Rule 33 filing, hold the hearing and hear argument. The law has been recounted in the prior briefs and respectfully, the Court is now asked to grant the motion.

    Dated this 1st day of June, 2022.

/s/Virginia Rockwood
Virginia Rockwood
Attorney for Defendant
P.O. Box 10258
Spokane, WA 99209
WSBA 11253

SUPPLEMENTAL MEMORANDUM- 5

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601

CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: AUSA Richard C. Burson

Dated this 1st day of June, 2022.

<u>s/Virginia Rockwood</u>
Virginia Rockwood
Attorney for Defendant
P.O. Box 10258
Spokane, WA 99209
WSBA 11253

SUPPLEMENTAL MEMORANDUM- 6

Virginia Rockwood
Attorney at Law
P.O. Box 10258
Spokane, WA 99209
Telephone: (509)993-1601